IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-11-354-D |
| | ) | |
| SAFIYYAH TAHIR BATTLES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the United States' Motion in Limine Regarding Evidence of Alleged

Victim Negligence or Lack of Due Diligence [Doc. No. 48]. The government seeks to exclude from

trial any "blame the victim" evidence, argument, or cross-examination of witnesses. Defendant has

timely opposed the Motion, which is at issue.

The Indictment charges Defendant with false statement to a financial institution in violation

of 18 U.S.C. § 1014, wire fraud in violation of 18 U.S.C. § 1343, and money laundering in violation

of 18 U.S.C. § 1957(a). The alleged offenses involve separate loans by First Security Bank and

Saxon Mortgage, Inc. related to a residential property in Oklahoma City. The government

anticipates that Defendant may attempt to introduce evidence or argument at trial suggesting that

negligent or deficient practices by the lenders somehow excuse the false statement or fraudulent

conduct charged in the Indictment. The government relies on authorities from other jurisdictions

holding that the negligence of a fraud victim in failing to discover the fraudulent scheme is not a

defense to a criminal fraud charge. *See*, *e.g.*, *United States v. Coyle*, 63 F.3d 1239, 1244 (3rd Cir.

1995). The Court's research confirms the soundness of this principle, which has been described as

"settled." *See United States v. Svete*, 556 F.3d 1157, 1167 (11th Cir. 2009).

In opposition to the Motion, Defendant argues that she has a right to present a defense and to cross-examine the government's witnesses regarding relevant matters. Defendant notes Count 1 requires proof that she knowingly made, or caused to be made, a false statement to First Security Bank (the "Bank") for the purpose of influencing action by the Bank. *See* 18 U.S.C. § 1014; *see also* Tenth Circuit Criminal Pattern Jury Instructions, No. 2.48. As charged in the Indictment, Defendant contends Count 1 necessarily places at issue her purpose or intent in allegedly providing a false income tax return to the Bank. She argues that the lending practices of the Bank, from whom she had previously obtained loans, are relevant to whether she intended the alleged false document to influence action by the Bank. Defendant implies that the Bank by its conduct might have led her to believe the income tax return was unnecessary to any action by the Bank.

From Defendant's argument, the Court understands that she wishes to present evidence regarding past lending practices by the Bank that might draw into doubt a purpose or intent to influence the Bank by submitting the alleged false document.[1] Assuming this understanding is correct, the Court finds that the Bank's past practices with regard to loans made to Defendant may be relevant and should not be categorically excluded. It is unclear whether the government seeks to exclude such evidence. By its Motion, the government asks the Court to "preclude any evidence, cross-examination, or argument about any alleged negligence or lack of diligence by First Security Bank . . . in reviewing and approving the loan applications at issue." Plf.'s Mot. in Limine [Doc. No. 48], at 4-5. On its face, this request would not seem to encompass the Bank's handling of past

---

[1] Defendant also states a desire to show that the Bank was not actually influenced by any false statement, and suffered no loss. However, this evidence would be irrelevant. *See United States v. Mitchell*, 15 F.3d 953, 956 (10th Cir. 1994) ("actual reliance need not be proved in a § 1014 case"); *United States v. Grissom*, 44 F.3d 1507, 1511 (10th Cir. 1995) ("the bank need not have suffered actual loss in order to sustain [§ 1014] convictions"), *abrogated on other grounds by United States v. Wells*, 519 U.S. 482 (1997).

loans.  However, according to the government's Trial Brief, the loans referenced in Count 1 were made, or may have been made, *before* Defendant allegedly submitted a false document.  Thus, it would appear that the Bank's lending practices, even with regard to the loan applications at issue, might be relevant to Defendant's purpose in providing the income tax return.  Accordingly, the government's Motion will be denied with regard to the lending practices of First Security Bank.

With regard to Count 2, Defendant notes the government must prove, among other things, that she devised a scheme to defraud Saxon Mortgage, Inc. ("Saxon") by means of material false representations during the loan application and closing process, and acted with the specific intent to defraud.  *See* 18 U.S.C. § 1343, *see also* Tenth Circuit Criminal Pattern Jury Instructions, No. 2.57.  She again argues that the practices of Saxon with regard to the loan application process are relevant to her defense that she did not intend to defraud Saxon nor knowingly devise a fraudulent scheme.  She does not explain in her argument, however, how any negligence by Saxon is relevant to these defenses.  Defendant contends, for example, that she should be allowed to question witnesses about whether the alleged misrepresentations could have been easily verified, and that evidence regarding Saxon's efforts to verify the allegedly false information would assist the jury in determining whether she intended to defraud Saxon.  Also, Defendant argues that a scheme to defraud consists of conduct intended or reasonably calculated to deceive persons of ordinary prudence and that jurors should be allowed to hear whether Saxon acted prudently in its lending practices.

After careful consideration of Defendant's arguments, the Court is unpersuaded that Saxon's lending practices are relevant to any issue to be determined by the jury.  Defendant fails to explain how any lack of diligence by Saxon with regard to her loan transaction might somehow negate or otherwise undermine a finding of a scheme or an intent to defraud Saxon with the submission of

materially false documents and information.  In reaching this conclusion, the Court does not mean to preclude Defendant from cross-examining representatives of Saxon regarding the documentation they received and the information on which they relied in preparing closing documents.  This testimony is relevant to prove Defendant's alleged involvement in the fraudulent scheme charged in Count 2.  However, evidence that Saxon was not diligent in examining the documents submitted, or attempting to verify the information received, has no bearing on the elements of the offense in Count 2, or any defense articulated to date.  Contrary to Defendant's argument regarding the sophistication of the alleged victim, Saxon, the existence of a scheme to defraud is judged by the objective standard of whether the allegedly fraudulent conduct was "intended or reasonably calculated to deceive persons of ordinary prudence or comprehension." *See United States v. Janusz*, 135 F.3d 1319, 1323 (10th Cir. 1998) (internal quotation omitted).  Defendant makes no cogent argument as to the relevance of the issue she seeks to explore at trial, that is, whether Saxon acted as a reasonably prudent lender.

Defendant also argues that limiting her counsel's cross-examination of witnesses would deny her rights of confrontation and due process.  While a criminal defendant has a constitutionally protected right of cross-examination, a trial court may impose reasonable limits on the scope of defense counsel's cross-examination of a prosecution witness "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."  *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).  It is only when a defendant is prevented from questioning the government's witnesses on "highly relevant topics" that reversible error occurs.  *See United States v. Robinson*, 583 F.3d 1265, 1274 (10th Cir. 2009).

In this case, the Court is persuaded that it should impose the requested limitation on Defendant's cross-examination of Saxon's representatives with regard to the loan transaction at issue in Count 2. Any inquiry concerning their diligence, or lack thereof, in approving the mortgage loan would be irrelevant, or only marginally so, and would serve merely to confuse the jury concerning the issues they must decide. Further, Defendant has no right to argue or present a theory of defense that is unsupported by the law. Accordingly, Defendant should be prohibited from presenting such evidence and arguments at trial.

IT IS THEREFORE ORDERED that the United States' Motion in Limine [Doc. No. 48] is GRANTED in part and DENIED in part, as set forth herein. Defendant is prohibited from presenting argument or evidence and from cross-examining witnesses concerning any alleged negligence or lack of diligence by Saxon Mortgage, Inc. in reviewing and approving the mortgage loan application in Count 2, but Defendant may inquire into the lending practices of First Security Bank in its dealings with Defendant.

IT IS SO ORDERED this 8th day of June, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE