IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-11-354-D |
| ) | |
| SAFIYYAH TAHIR BATTLES, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Tahir Battles' Motion in Limine Regarding Portions of Defendant's Deposition [Doc. No. 57]. Defendant seeks to exclude from trial certain testimony she gave during a deposition in September, 2009, in civil litigation brought by the bank to whom she allegedly made a false statement, as charged in Count 1 of the Indictment. In the Motion, Defendant states a general position that none of her deposition testimony is relevant to the issues in this case because the civil litigation concerned a different loan transaction. However, her Motion addresses only two portions of the deposition: 1) testimony admitting she had exercised a Fifth Amendment right not to testify; and 2) testimony admitting a 1996 criminal offense (possession of marijuana), for which she received a pardon in 2002.

The government responds to the Motion by stating its agreement not to refer to any prior invocation of Fifth Amendment rights or Defendant's 1996 conviction.[1] Accepting this agreement of the government, the Court finds no issue is presented for decision, and the Motion is moot.

---

[1] The government reserves the right, however, to utilize Defendant's deposition testimony for other purposes, including to offer relevant admissions of a party opponent under Fed. R. Evid. 801(d)(2), and to impeach Defendant if she testifies inconsistently at trial. Defendant's Motion does not address these uses of the deposition, nor provide the part of the deposition transcript that, according to the government, provides relevant admission concerning the loan transactions at issue in Count 2.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine Regarding Portions of Defendant's Deposition [Doc. No. 57] is DENIED as moot.

IT IS SO ORDERED this 13th day of June, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE