IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-11-354-D |
| | ) |
| SAFIYYAH TAHIR BATTLES, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant Tahir Battles' Motion to Determine Inadmissibility of Evidence [Doc. No. 22], and Supplemental Motion to Determine Inadmissibility of Evidence [Doc. No. 74]. Defendant seeks a pretrial determination regarding the admissibility of certain documents to be offered by the government, referred to as falsified or altered bank statements. The first motion concerns bank statements that Defendant allegedly provided to Saxon Mortgage, Inc. ("Saxon") in May, 2007, in connection with the fraudulent loan transaction charged in Count 2 of the Indictment. The second motion concerns additional bank statements identified in the government's Supplemental Notice of Intent to Introduce Rule 404(b) Evidence; the government alleges that Defendant similarly provided altered bank statements to another lender in January, 2006, in connection with an earlier, separate loan transaction.[1] Defendant contends that both groups of bank statements are inadmissible hearsay. She also argues that the statements may be testimonial in nature, such that their admission would violate her rights under the Confrontation Clause.

---

[1] These bank statements are also the subject of a separate motion in limine by Defendant regarding the government's proposed Rule 404(b) evidence, which motion will be addressed by a separate order.

The government responds to both Motions by stating that the documents at issue are not hearsay because they will not be offered for the truth of the matter asserted. As to the false bank statements charged in Count 2, the government contends these documents will be offered to prove Defendant's involvement in a scheme to defraud and to show their effect on the lender, who utilized them to evaluate and approve the loan. The government also contends that, upon connecting the altered bank records to Defendant, the bank statements may constitute a nonhearsay statement of a party opponent, admissible under Fed. R. Evid. 801(d)(2). As to the altered bank statements used in an earlier loan transaction, the government proposes to offer the documents to show Defendant's "intent, plan, knowledge, absence of mistake, and lack of accident in later submitting other altered statements to the lender in Count 2," as well as to show the effect on the lender. *See* Pl.'s Resp. Def.'s Suppl. Mot. [Doc. No. 87] at 2. As to both the 2006 and 2007 altered bank statements, the government states an intention to establish the falsity of the bank statements through other evidence, namely, true bank statements to be admitted as business records.

Upon careful consideration of the issues, the Court is inclined to agree with the government that the altered bank records will be offered for nonhearsay purposes, and they may constitute admissions of a party opponent if they are connected to Defendant by other evidence. The altered bank records involved in Count 2 are integral to proving the alleged scheme to defraud Saxon; their relevance lies in the fact they were submitted in support of Defendant's loan application and relied on by the lender. The altered bank records used to support the 2006 loan application are relevant to show Defendant's intent that the lender would rely on the documents, and her knowledge or absence of mistake regarding the submission of altered bank statements to support a loan application. The government asserts the falsity of the bank statements will be established by other evidence. A similar situation was presented in *Anderson v. United States*, 417 U.S. 211, 219-20

(1974), where the Court determined that out-of-court statements made by two alleged co-conspirators were admissible as nonhearsay, regardless whether the statements were admissible under the conspiracy exception. This was so because "the point of the prosecutor's introducing those statements was simply to prove that the statements were made so as to establish a foundation for later showing, through other admissible evidence, that they were false." *Id*. at 220 (footnotes omitted). Further, the admission of nonhearsay evidence raises no Confrontation Clause issue. *See Tennessee v. Street*, 471 U.S. 409, 414 (1985). For these reasons, the Court rejects Defendant's position that the altered bank records constitute inadmissible hearsay statements.

IT IS THEREFORE ORDERED that Defendant's Motion [Doc. No. 22] and Supplemental Motion [Doc. No. 74] to Determine Inadmissibility of Evidence are DENIED.

IT IS SO ORDERED this 13th day of June, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE