IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-11-354-D |
| | ) |
| SAFIYYAH TAHIR BATTLES, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant Tahir Battles' Motion in Limine Regarding Alleged 404(b) Evidence [Doc. No. 59], and Motion in Limine Regarding Alleged Supplemental 404(b) Evidence [Doc. No. 73]. Defendant seeks to exclude from trial certain evidence described in the government's Notice of Intent to Introduce Rule 404(b) Evidence [Doc. No. 47] and its Supplemental Notice of Intent to Introduce Rule 404(b) Evidence [Doc. No. 68]. Defendant objects to the admission of the following evidence: 1) her federal income tax returns for calendar years 2005 and 2007; 2) mortgage fraud allegedly perpetrated through M&N Remodeling in loan transactions during 2005 and 2006; 3) altered bank statements submitted in connection with a separate loan application in January, 2006; and 4) the removal of fixtures from the residential property at issue in Count 2 of the Indictment during foreclosure proceedings.

**Relevant Allegations of the Indictment**

As pertinent here, Count 1 charges Defendant with submitting a false federal income tax return for calendar year 2006 to First Security Bank in connection with construction loans made to Defendant in August, 2006, and February, 2007. The Indictment alleges that the false income tax return was fabricated and was not actually filed with the IRS. Further, Count 2 charges Defendant

with executing a scheme to defraud Saxon Mortgage, Inc. ("Saxon") by means of material false representations during the loan application and closing process for a residential mortgage. The alleged misrepresentations included statements on the loan application regarding Defendant's income and assets. Also, part of the alleged scheme was that the settlement statement prepared for closing showed an amount to be paid to an individual for work performed on the property, but Defendant allegedly took possession of a check issued to the individual in that amount, and deposited it in her personal bank account.

## Standard of Decision

There are four requirements for admissibility under Rule 404(b): (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by the potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence is to be considered only for the limited purpose for which it was admitted. *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *see also United States v. Cardinas Garcia*, 596 F.3d 788, 797 (10th Cir. 2010); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006). Evidence is relevant if "it has a tendency to make a fact more or less probable than it would be without the evidence." *See* Fed. R. Evid. 401(a). "Unfair prejudice in the Rule 403 context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001). The court of appeals has explained the proper considerations as follows:

> [U]nfair prejudice does more than damage the Defendant's position at trial. Indeed, relevant evidence of a crime which the government must introduce to prove its case is by its nature detrimental to a defendant who asserts that he is not guilty of the charged offense. In the Rule 403 context, however, "[e]vidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional

> response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged." [*United States v.*] *Rodriguez*, 192 F.3d [946,] 951 [(10th Cir.1999)] (quotation omitted) (emphasis added). Even if this type of prejudice is found, it must substantially outweigh the probative value of the evidence in order to be excluded under Rule 403.

*Tan*, 254 F.3d at 1211-12 (footnote omitted).

## Discussion

### 1.   Income Tax Returns

The government has stated its intention to offer as evidence at trial federal income tax returns for calendar years 2005, 2006, and 2007 that Defendant actually filed with the IRS in 2008 and 2009. Defendant challenges only the relevance of tax years other than 2006. The government's stated theory is that Defendant misrepresented her income in the loan application she signed in May, 2007, knowing that her actual income for that year and prior years was substantially lower. The government asserts that Defendant's tax returns will prove that misrepresentations occurred, and Defendant knew the statements in the loan application were false. The government points to discrepancies in information regarding both the amount of Defendant's income and her sources of income, and argues that the discrepancies between Defendant's statements to the IRS and a potential lender are "a reliable indication of her criminal intent, plan, and knowledge, as well as the absence of mistake or accident." *See* Pl.'s Resp. Def.'s Mots. in Limine Regarding Alleged 404(b) Evidence [Doc. No. 89] at 4 (footnote omitted).

Defendant does not question whether the tax returns are offered for a proper purpose. She argues only that they are irrelevant because the income amount stated in the loan application was inserted by Saxon based on "unverified deposits" and there is no indication her reported income "would have influenced Saxon Mortgage in any way as Saxon chose not to seek or require that

information from [Defendant] during the loan process." *See* Def.'s Mot in Limine Regarding Alleged 404(b) Evidence [Doc. No. 59] at 2. This argument fails to address the purpose for which the 2005 and 2007 income taxes are to be offered. The government seeks by statements of Defendant's income, made under penalty of perjury to the IRS, to show Defendant's knowledge of the falsity of the amount of income stated in her loan application and her intent to defraud a potential lender, which are elements of the offense charged in Count 2. Thus, the tax returns are plainly relevant. Further, Defendant makes no suggestion of unfair prejudice.

Therefore, the Court finds that Defendant's Motion as it relates to federal income tax returns to be offered by the government should be denied.

### 2. Fraudulent Transactions Through M&N Remodeling

The government proposes to offer evidence of four residential loan closings in which the settlement statements, like the one involved in Count 2, contained fictitious line items for amounts allegedly due for home repairs. The government alleges that the purported repair company, M&N Remodeling, was a sole proprietorship operated by Defendant and her sister, and that in each of the four loan transactions, a check issued to M&N Remodeling was deposited in the company's account but the money was transferred to Defendant's personal account. In short, the government alleges that Defendant was involved in a fraudulent practice in loan transactions during 2005 and 2006 that was also used in the 2007 transaction alleged in Count 2, and evidence of Defendant's involvement "demonstrates [her] intent, plan, knowledge, and absence of mistake or accident in her diversion of excess loan proceeds for [the property in Count 2]." *See* Notice of Intent to Introduce Rule 404(b) Evidence [Doc. No. 47] at 7-8.

Defendant acknowledges the government's intent to offer evidence of other loan transactions for a legitimate purpose – to show Defendant "was familiar with using 'false construction line items'

on settlement statements to generate excess loan proceeds for personal use." *See* Def.'s Mot. in Limine Regarding Alleged 404(b) Evidence [Doc. No. 59] at 3. Defendant asserts, however, that the loan transactions are significantly different from the one alleged in Count 2, including that they involved other borrowers, a repair company owned by her sister, invoices showing estimates for anticipated repairs, and transfers of funds to Defendant for actually completing the repairs. Defendant disputes whether the evidence to be offered by the government demonstrates any fraud or any criminal intent, and whether there is any logical connection between the earlier transactions and the transaction at issue in Count 2. Finally, Defendant asserts that the probative value of the government's proposed evidence is substantially outweighed by its potential for unfair prejudice and jury confusion.

The Court is unpersuaded by Defendant's effort to distinguish the loan transactions involving payments to M&N Remodeling, and to suggest they were too remote in time to be probative of facts for which they are offered, namely, Defendant's knowledge of a means of obtaining excess loan proceeds through payments for fictitious repairs or construction costs, and an absence of mistake in the diversion of loan proceeds for personal use. As represented by the government, the loan proceeds flowed directly to Defendant's personal account and were not used to compensate anyone for work on the properties. Further, an intent to deceive the lender in each of the loan transactions may logically be inferred. In short, the Court agrees with the government that the four prior instances in which fictitious line items in settlement statements were allegedly used to divert loan proceeds to Defendant for personal use are sufficiently similar to the instance alleged in Count 2 that the proposed evidence is highly probative of Defendant's knowledge of the practice, an absence of mistake with regard to the diversion alleged in Count 2, and an intent to defraud the lender. Further, Defendant offers no argument regarding a risk of unfair prejudice – that is, an adverse effect on the

jury wholly apart from its judgment regarding guilt or innocence of the crime charged – and provides an insufficient explanation of any risk of jury confusion. Thus, the Court finds that Defendant has failed to show that these potential risks substantially outweigh the probative value of the proposed evidence, and therefore, the Motion in this regard is denied.

### 3.     Altered Bank Statements

The government states that, like the false bank statements charged in Count 2, Defendant previously submitted to another lender in support of a loan application bank statements that contained material alterations, namely, the deletion of her husband's name from a joint bank account statement and the removal of fees charged for checks written with insufficient funds in the account. The government states a belief that this evidence is intrinsic to the crimes charged in the Indictment but, if it is determined to be extrinsic evidence subject to Rule 404(b), the altered bank statements will be offered "to prove intent, plan, knowledge, and absence of mistake or accident with respect to the defendant's use of false bank records to support her $500,000.00 loan from Saxon Mortgage, as alleged in paragraph 12 of the indictment." *See* Supplemental Notice of Intent to Introduce Rule 404(b) Evidence [Doc. No. 68] at 1 (footnote omitted).

Defendant does not address whether the additional altered bank statements constitute intrinsic or extrinsic evidence. She asserts only that the prior alterations were substantially different from the ones alleged in Count 2, in that the monthly balances had not been changed and reflected negative or small balances. Defendant argues that the 2006 altered statements did not prevent the lender from scrutinizing her finances and, thus, the probative value of these bank statements would be extremely limited. Defendant also makes a cursory argument that this value would be outweighed by the potential for unfair prejudice or confusion of the issues to be decided by the jury.

"It is well settled that Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged . . . ." *United States v. O'Brien*, 131 F.3d 1312, 1316 (10th Cir. 1997); *see also United States v. Parker*, 553 F.3d 1309, 1315 (10th Cir. 2009). Evidence of a prior act is intrinsic to the crime charged "if: (1) it was part of the scheme for which a defendant is being prosecuted, or (2) it was inextricably intertwined with the charged crime such that a witness' testimony would have been confusing and incomplete without mention of the prior act." *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994) (internal quotations and citations omitted). The Court finds no basis to conclude that Defendant's alleged prior use of altered bank statements to support a loan application was part of the fraudulent scheme alleged in the Indictment or inextricably intertwined with a charged crime. Thus, the Court finds that the admission of the additional altered bank statements must satisfy Rule 404(b).

Under the Court's current understanding, one issue to be decided at trial is whether Defendant was involved in or knew of the submission of altered bank statements to Saxon in support of her loan application, as alleged in Count 2, or whether the submission was made by someone else without her knowledge, such as a loan broker acting on her behalf. A prior instance in which altered bank records were used to support a loan application made by Defendant would be highly probative of Defendant's knowledge of this practice and an intent to deceive potential lenders to whom the documents were submitted. Accepting the government's description of the altered bank statements, the alterations were similar, and the differences could be logically explained. One might infer that alterations of monthly balances in the bank statements allegedly submitted to Saxon were necessary to obtain approval of a $500,000 loan, while such alterations were deemed unnecessary to obtain approval of the $56,000 loan for which the earlier statements were submitted. In short, like the altered bank records allegedly involved in Count 2, the altered bank records used to support

7

Defendant's 2006 loan application are relevant to show her intent that the lender would rely on the documents, and her knowledge or absence of mistake regarding the submission of altered bank statements to support a loan application. The Court further finds no basis to conclude that their relevance is outweighed by a risk of unfair prejudice or confusion.

Therefore, the Court finds that the Motion as it relates to additional altered bank statements, which were allegedly submitted by Defendant in connection with a prior loan application, should be denied.

### 4. Removal of Fixtures from Mortgaged Property

The government states an intention to present evidence that Defendant compromised Saxon's mortgage interest by removing fixtures from the kitchen of the property after the loan was in default, and installing the fixtures in a relative's house. The government contends this evidence suggests an intent to defraud "because taking collateral after default is inconsistent with good faith and fair dealing between a borrower and a lender." *See* Pl.'s Resp. Def.'s Mots. in Limine Regarding Alleged 404(b) Evidence [Doc. No. 89] at 11. Defendant challenges the government's proposed evidence only by contesting whether a removal of fixtures compromised Saxon's interest and, thus, whether proof of this fact would establish an intent to defraud. She argues that the proposed evidence "would be a waste of time for the jury's consideration." *See* Def.'s Mot. in Limine Regarding Alleged Supplemental 404(b) Evidence [Doc. No. 73] at 4.

Upon careful consideration, the Court finds itself in agreement with Defendant that the government's proposed evidence has marginal relevance. The offense charged in Count 2 requires proof that Defendant intended to defraud Saxon in connection with the loan application and closing process. Little, if anything, about Defendant's intent in obtaining the loan can be inferred from her subsequent conduct after the loan was in default. Further, the Court finds any relevance of the

proposed evidence is substantially outweighed by the jury confusion that may be created. The jurors' attention to the pertinent issues would likely be distracted by admitting evidence regarding an issue that is not before them, namely, the amount of loss (if any) that Saxon suffered as a result of the alleged fraud.

Therefore, the Court finds that evidence regarding the removal of fixtures from the mortgaged property should not be admitted.

## Conclusion

For these reasons, the Court finds that the government's proposed evidence of similar acts or wrongs, other than evidence of the removal of fixtures, is admissible under Rule 404(b), subject to the satisfaction of foundational requirements.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine Regarding Alleged 404(b) Evidence [Doc. No. 59], and Motion in Limine Regarding Alleged Supplemental 404(b) Evidence [Doc. No. 73] are GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 13th day of June, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE