IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-11-354-D |
| | ) | (No. CIV-15-252-D) |
| SAFIYYAH TAHIR BATTLES, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Saffiyya Tahir Battles' *pro se* Motion Under 28 U.S.C. § 2255 [Doc. No. 195]. Ms. Battles seeks relief from convictions of wire fraud and money laundering based on allegations of ineffective assistance of trial counsel. The government has filed a response [Doc. No. 200], supported by the affidavit of attorney Marna Franklin, copies of documents and correspondence exchanged between Ms. Battles and Ms. Franklin, and excerpts of the trial transcript. Ms. Battles has filed a reply brief, denominated "Petitioner['s] Answer to US Attorney Objection" [Doc. No. 201], further explaining her claims and providing additional documents and correspondence. For reasons that follow, the Court finds that the existing record shows Ms. Battles is not entitled to relief.

**A.     Factual and Procedural Background**

On November 15, 2011, a grand jury indicted Ms. Battles on charges of Count 1, false statement to a financial institution in violation of 18 U.S.C. § 1014; Count 2, wire fraud in violation of 18 U.S.C. § 1343; and Count 3, money laundering in violation of 18 U.S.C.

§ 1957(a). On June 21, 2012, following a seven-day jury trial,[1] Ms. Battles was found guilty of wire fraud and money laundering as charged in Counts 2 and 3, but the jury could not reach a verdict on Count 1. A mistrial was declared on Count 1, and it was subsequently dismissed. On February 1, 2013, the Court sentenced Ms. Battles to concurrent 30-month terms of imprisonment, and ordered her to pay restitution of $326,902.34 to the victim of her fraud.

The wire fraud conviction is based on a 2007 mortgage fraud scheme in which Ms. Battles refinanced the construction of her residence at 5404 North Lottie Avenue in Oklahoma City, Oklahoma, by utilizing false statements and documents. When funded, she received on May 9, 2007, a check in the amount of $102,630.01 payable to "Emmitt Whisby" for work done on the property. On the same day, however, Ms. Battles deposited the check into her personal account with a false endorsement of Mr. Wisby, who testified at trial that he had never seen the check. The money laundering conviction is based on a financial transaction on May 11, 2007, in which Ms. Battles transferred $15,000.00 of the money derived from her wire fraud to her mother, Trina Tahir. Ms. Tahir was a licensed real estate broker and the owner of T&T Realty, which employed Ms. Battles as a realtor.[2]

---

[1] Jury selection occurred on June 11, 2012. Opening statements, the presentation of evidence, and closing arguments occurred on June 14, 15, 18, 19 and 20, 2012. Jury deliberations began June 20 and concluded June 21, 2012.

[2] Ms. Tahir was also a criminal defendant in a separate mortgage fraud case involving charges of wire fraud, money laundering, and conspiracy. *See United States v. Smith*, No. CR-10-235-D, Indictment (W.D. Okla. July 21, 2010). She pleaded guilty to a single count of money laundering and was subsequently sentenced to a 24-month term of imprisonment. *See id*. Judgment (April 2, 2014).

Immediately after trial, Ms. Battles retained other counsel to represent her, and Ms. Franklin was permitted to withdraw. While awaiting sentencing, Ms. Battles filed a *pro se* motion for a new trial, which was stricken because she was represented by counsel. After judgment, Ms. Battles filed both a timely notice of appeal and later, through counsel, an amended motion for a new trial. This Court denied Ms. Battles' motion for a new trial, and the Tenth Circuit affirmed her convictions and sentence. *See United States v. Battles*, 745 F.3d 436 (10th Cir.), *cert. denied*, 135 S. Ct. 355 (2014).[3] After a petition for a writ of certiorari was denied, Ms. Battles timely filed the instant § 2255 Motion, in which she asserts five claims of allegedly deficient performance by Ms. Franklin.

**B.** **Standard of Decision**

The standard of decision governing these claims is well established:

> Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

*United States v. Mora*, 293 F.3d 1213, 1217 (10th Cir. 2002); *see Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The "two prongs [of *Strickland*] may be addressed in any order, and failure to satisfy either is dispositive." *Littlejohn v. Trammell*, 704 F.3d 817, 859 (10th Cir. 2013) (internal quotation omitted); *see Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir.

---

[3] The court of appeals dismissed for lack of jurisdiction part of the appeal alleging *Brady* violations.

2002) (same); *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (an "ineffective assistance claim may be resolved on either performance or prejudice grounds alone") (internal quotation omitted).

To establish prejudice under the circumstances of this case, Ms. Battles must show "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In assessing prejudice, the Court "looks at the totality of the evidence, not just the evidence helpful to the petitioner." *See Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999); *see also Strickland*, 466 U.S. at 695; *Hooks v. Workman*, 689 F.3d 1148, 1200 (10th Cir. 2012).

**C.     Discussion**

Liberally construing Ms. Battles' Motion in light of her *pro se* status, she asserts that Ms. Franklin provided constitutionally ineffective assistance before or during trial by: 1) failing to object to certain testimony of a prosecution witness, Brenda Hopkins; 2) failing to obtain a handwriting expert or utilize an expert retained by Ms. Battles to discredit Mr. Wisby's testimony that he did not sign the check payable to him; 3) failing to call the case agent, FBI Special Agent Tim Schmitz, to testify as a defense witness; 4) refusing to allow Ms. Battles to testify in her own defense; and 5) failing to move for dismissal of the Indictment, primarily based on an incorrect allegation that Ms. Battles was a real estate broker rather than a realtor.

### 1. Lack of Objection to Brenda Hopkins' Testimony

Ms. Battles claims Ms. Franklin clearly erred by not objecting to testimony by Brenda Seals-Hopkins during the government's case-in-chief from which the jury could have inferred that Ms. Battles destroyed documentary evidence. The Court's admission of this testimony was raised as an alleged trial error on direct appeal, where Ms. Battles argued that it was improper "other crimes" evidence under Fed. R. Evid. 404(b). Due to the lack of a contemporaneous objection, the appellate claim was subjected to "plain error" review and rejected. *See Battles*, 745 F.3d at 452.

Upon consideration, the Court agrees with the government's position that the Tenth Circuit's reason for rejecting Ms. Battles' claim of trial error "forecloses any relief." *See* Resp. Br. [Doc. No. 200], p.6. Ms. Battles provides no basis to conclude that the jury might have found a reasonable doubt about her guilt absent Ms. Seals-Hopkins' testimony that, at some unspecified time, Ms. Battles had burned some documents in an office trash can. As stated by the court of appeals:

> [E]ven if we assume *arguendo* that the district court erred, and clearly and obviously so, in not recognizing this evidence as improper 404(b) evidence . . . Ms. Battles cannot satisfy the third prong of our plain-error test. In other words, Ms. Battles has not "demonstrate[d] that the error affected [her] substantial rights, i.e., that the error disturbed the outcome of the district court proceedings."
>
> The evidence against Ms. Battles was easily sufficient to sustain her convictions of wire fraud and money laundering. Out of four days' worth of extensive testimony, Ms. Seals-Hopkins's allegedly "improper" contribution (i.e., her "other-crimes" statements) was her brief answers to two questions. We are confident that any impact her statements might have had on the jury was negligible. In that regard, we note that the government did not put her

answers before the jury again, in closing argument or otherwise. Moreover, the district court specifically instructed the jury that, "[o]f course, the fact that the defendant may have previously committed" a prior bad act "[did] not mean that she necessarily committed the acts charged in this case." Aplee. App., Vol. I, at 36. "It is presumed that jurors will conscientiously observe the instructions and admonitions of the court."

In sum, we find it implausible that Ms. Seals-Hopkins's statements were "so powerful . . . [that] as a result Ms. Battles was convicted of two counts." Aplt. Reply Br. at 10. Put another way, Ms. Battles cannot survive the third step of the plain-error test: any error occasioned by the admission of Ms. Seals-Hopkins's challenged testimony did not affect Ms. Battles's substantial rights. Consequently, such error does not justify reversal of Ms. Battles's convictions.

*Battles*, 745 F.3d at 453 (case citations, parentheticals, and emphasis omitted).

For the same reasons, the Court can confidently say that any successful objection by Ms. Franklin to Ms. Hopkins' brief passage of testimony would not have altered the outcome of the case. The Court therefore finds that Ms. Battles' claim of ineffective assistance based on trial counsel's failure to object to Ms. Hopkins' testimony lacks merit.[4]

## 2. Lack of a Handwriting Expert

Ms. Battles claims Ms. Franklin erred by failing to present expert testimony regarding Mr. Wisby's signature on the endorsed check. Although Ms. Battles does not allege or show the existence of any expert opinion favorable to her defense, she believes Ms. Franklin could

---

[4] Ms. Battles also complains in her reply brief that Ms. Franklin failed to cross-examine Ms. Hopkins using questions that Ms. Battles had supplied. Ms. Battles believes Ms. Franklin should have been able to demonstrate Ms. Hopkins "was a liar and a thief." *See* Reply Br. [Doc. No. 201], p.2 (ECF page numbering). This complaint was not raised in the original § 2255 Motion, and the argument fails to show ineffective assistance of counsel. An attorney's "decisions regarding how best to cross-examine witnesses presumptively arise from sound trial strategy." *Richie v. Mullin*, 417 F.3d 1117, 1124 (10th Cir. 2005).

have successfully discredited Mr. Wisby's testimony that his signature was forged if she had found a handwriting expert to analyze and opine about it.

Ms. Battles' argument regarding her theory of defense is not entirely clear. During her pretrial investigation, Ms. Franklin obtained authorization to employ a handwriting expert to provide an opinion regarding the alleged forgery, and the expert's analysis led to the conclusion that Mr. Wisby's signature had been traced. After Ms. Battles learned of this opinion, she apparently urged Ms. Franklin to obtain an opinion that Mr. Wisby had traced his own signature. Ms. Battles now appears to argue that another handwriting expert might have concluded that Mr. Wisby's signature was genuine and he actually signed the check. *See* Motion [Doc. No. 195], at 3-4.[5]

Upon consideration, the Court finds Ms. Battles' claim regarding Ms. Franklin's decision not to use a handwriting expert to be factually and legally unsupported. Ms. Battles faults Ms. Franklin for failing to find an expert witness willing to testify regarding a handwriting analysis favorable to her defense, but Ms. Battles fails to show what testimony another handwriting expert would have given and how it would have impacted the jury's deliberations.[6] Ms. Battles' real complaint seems to be that Ms. Franklin failed to somehow

---

[5] Ms. Battles also argues in her Motion that Ms. Franklin refused Ms. Battles' request "to have a handwriting expert at trial to examine her signature." *Id*. at 3. With her reply brief, however, Ms. Battles presents evidence that shows Ms. Franklin consulted another handwriting expert and asked for an analysis of Ms. Battles' handwriting. Based on this evidence, Ms. Battles then accuses Ms. Franklin of asking the wrong question. *See* Reply Br. [Doc. No. 201], p.3 (ECF page numbering).

[6] It was not necessary for jurors to find Ms. Battles forged Mr. Wisby's signature for them to find that she defrauded the mortgage lender by depositing into her personal account a check intended to pay Mr. Wisby for work on the house.

discredit Mr. Wisby's testimony that he did not endorse the check. *See* Reply Br. [Doc. No. 201], p.3. But Ms. Battles fails to allege any facts to show that Ms. Franklin's strategic decisions amounted to deficient performance or that the lack of a handwriting expert affected the outcome of the trial. "The selection of an expert witness is a paradigmatic example of the type of strategic choice that, when made after thorough investigation of the law and facts, is virtually unchallengeable." *Hinton v. Alabama*, 134 S. Ct. 1081, 1089 (2014) (internal quotation omitted); *see United States v. Barrett*, 797 F.3d 1207, 1214 (10th Cir. 2015).

The Court therefore finds that Ms. Battles' claim of ineffective assistance based on her counsel's failure to employ or utilize a handwriting expert lacks merit.

### 3. Lack of Agent Schmitz's Testimony

Ms. Battles claims that Ms. Franklin performed deficiently during trial by failing to call Agent Schmitz as a defense witness to testify concerning Mr. Wisby's signature, weaknesses in Ms. Seals-Hopkins' testimony about burning documents, and various errors in the investigation. *See* Motion [Doc. No. 195], pp.3-4, 5-6. Ms. Battles contends Ms. Franklin should have obtained testimony from Agent Schmitz to establish that he gave false testimony to the grand jury and made false reports about certain matters. *See id*. p.5; Reply Br. [Doc. No. 201], p.4. Ms. Battles' arguments about Agent Schmitz's possible testimony are based on speculation and conjecture. She presents no basis to support a conclusion that Agent Schmitz could have aided her defense. Moreover, "the decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney." *Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008); *accord Barrett*, 797 F.3d at 1214.

The Court therefore finds that Ms. Battles' claim of ineffective assistance based on her counsel's failure to call Agent Schmitz as a witness has no merit.

4.  **Denial of the Right to Testify**

Ms. Battles claims that Ms. Franklin engaged in conduct during trial that prevented Ms. Battles from exercising her Fifth Amendment right to testify in her own defense. Ms. Battles contends both that Ms. Franklin did not come to court prepared to conduct the examination and that Ms. Franklin expressed in unequivocal terms during a recess to discuss the decision whether to testify, that she would not allow Ms. Battles to take the stand. The first contention is undermined by Ms. Battles' own words stating that she was fully prepared to testify and would have needed only minimal questions from Ms. Franklin to frame the narrative. *See* Motion [Doc. No. 195], p.8.[7] The second contention – that Ms. Franklin stopped her from testifying – is contravened by the trial record.

The Court is mindful during trial that claims like this sometimes arise later, and inquires personally of each defendant who elects not to testify, to ensure that any waiver of the defendant's constitutional right is knowing and voluntary. In this case, the Court's colloquy with Ms. Battles is part of the trial transcript filed of record, and accurately quoted in the government's brief. *See* Resp. Br. [Doc. No. 200], pp.10-11. A review of the pertinent

---

[7] It is further undermined by Ms. Franklin's statement, which is undisputed, that she and Ms. Battles had prepared a 43-page outline in anticipation of Ms. Battles' testifying and that she would have asked for a brief recess to obtain a copy if she had forgotten to bring it with her, as alleged by Ms. Battles. The Court would have undoubtedly granted any such request.

9

part of the transcript, as well as the undersigned's recollection of events, convinces the Court that Ms. Franklin did not prevent Ms. Battles from testifying at trial.

Ms. Franklin informed the Court during a recess on June 19, 2012, that the defense planned to rest after the parties completed their examination of the witness on the stand. The Court then fully advised Ms. Battles concerning her right to testify, and she expressed her intention to waive the right. The Court revisited the issue with Ms. Battles a second time after the witness was excused, and she requested a recess to consider her decision. It was during this recess that a contentious exchange with Ms. Franklin allegedly occurred. Afterward, the Court inquired of Ms. Battles a third time regarding her decision. She responded with clear and unequivocal, affirmative answers to the Court's questions whether she had visited with her counsel about the waiver decision and whether she had decided not to testify. Having observed Ms. Battles throughout the course of the trial and witnessed her interactions with others, including counsel, the Court is firmly convinced that if Ms. Battles had wished to testify against her counsel's advice, she was fully capable of exercising that right.

The Court therefore finds that Ms. Battles' claim of ineffective assistance based on trial counsel's denial of her right to testify is refuted by the record and lacks merit.

**5.     Lack of a Pretrial Dismissal Motion**

Ms. Battles complains of Ms. Franklin's failure to challenge the sufficiency of the Indictment before trial. As to the basis of any possible challenge, Ms. Battles contends only that the Indictment contained untrue factual allegations. She particularly complains of a

statement that she was a "real estate broker" when she was not so licensed; this incorrect allegation allegedly made her appear "savvier in real estate" than she actually was. *See* Motion [Doc. No. 195], p.9.

Ms. Battles apparently misapprehends the applicable law. "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (internal quotation omitted); *see United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citing *Russell v. United States*, 369 U.S. 749, 763-64 (1962)). "Generally, the strength or weakness of the government's case, or the sufficiency of the government's evidence to support a charge, may not be challenged by a pretrial motion." *Hall*, 20 F.3d at 1087.[8] Ms. Battles alleges no cognizable basis for a pretrial motion to dismiss the Indictment. According to Ms. Battles, Ms. Franklin advised her the motion she requested was frivolous. Ms. Franklin was legally correct, and if she had filed the motion (contrary to her obligation as an officer of the Court), it would have been summarily denied.

The Court therefore finds no merit in Ms. Battles' claim of ineffective assistance based on Ms. Franklin's failure to move for dismissal of the Indictment.

---

[8] There are limited exceptions to this general rule which are inapplicable under the alleged circumstances of this case.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 [Doc. No. 195] is DENIED.[9] Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 25th day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[9] No evidentiary hearing is needed where, as here, the existing record conclusively shows the defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C. § 2255(b).