IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CR-11-354-D |
| SAFIYYAH TAHIR BATTLES, | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's *pro se* filing of August 10, 2016, denominated "Motion to reconsider 2255 ineffective claim" [Doc. No. 205]. Liberally construed, Defendant seeks relief from Order of July 25, 2016 [Doc. No. 203] denying her Motion Under 28 U.S.C. § 2255. Defendant presents additional arguments to support her § 2255 claim that she received ineffective assistance of trial counsel.[1]

Because the instant Motion was timely filed and challenges the merits of the Court's decision, the Motion is governed by Fed. R. Civ. P. 59(e).[2] The grounds for granting relief

---

[1] Arguably, Defendant also asserts a new claim of misconduct by the prosecutor. To this extent, Defendant's motion presents a second or successive § 2255 motion over which this Court lacks jurisdiction, and the Court therefore declines to consider it. *See* 28 U.S.C. § 2255(h); *see also United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006) ("the portion of the Rule 59(e) motion that raised substantive arguments in support of a second § 2255 claim is itself a second § 2255 motion"); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (filing post-judgment motion to add a new claim without prior certification from the court of appeals "would be inconsistent with § 2255's restrictions on second or successive motions").

[2] The court of appeals has instructed: "District courts should evaluate postjudgment motions filed within [the time period permitted by Rule 59] based on the reasons expressed by the movant . . . ." *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005)); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1323-24 (10th Cir. 1997) ("[A] motion will be considered under Rule 59(e), when it involves reconsideration of matters properly encompassed in a decision on the merits.").

from a judgment under Rule 59(e) " include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

Defendant both fails to acknowledge this standard and fails to satisfy it. Upon consideration, the Court finds that Defendant simply repeats previous arguments or seeks reconsideration of matters previously decided. The Court therefore finds insufficient reason to revisit its July 25 Order.

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider [Doc. No. 205] is DENIED.

IT IS SO ORDERED this 17th day of August, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE